UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CEDRIC OVERTON and DAIN R. BARTHOLOMEW, Individually and on Behalf of All Other Persons Similarly Situated,

                Plaintiffs,

    v.

MEGA TEMPERING & GLASS CORP., IOANNIS "JOHN" MARIOLIS and ABC CORPORATIONS #1-10, Jointly and Severally,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ECF CASE</u>

No.: 1:13-cv-54 (VMS)

**NOTICE OF PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT**

For the reasons set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the Fair Labor Standards Act Settlement, the January 22, 2015 Declaration of Douglas B. Lipsky, and the January 22, 2015 Declaration of Danielle Behring of third-party claims administrator Simpluris, Inc., Plaintiffs Overton and Bartholomew and the Class Members respectfully request the Court enter an Order:

    1.     Granting final certification of the Settlement Class Members;

    2.     Granting final approval of the April 10, 2014 Class Action Settlement and Release Agreement, attached as Exhibit C to the Lipsky Dec.;

    3.     Granting approval of the FLSA Settlement; and

    4.     Granting such other, further, or different relief as the court deems just and proper.

Plaintiffs and the Class Members have submitted a Proposed Order, attached hereto as Exhibit A, for the Court's convenience.

Dated: New York, New York
January 22, 2015

BRONSON LIPSKY LLP

By: s/ Douglas B. Lipsky
   Douglas Lipsky (DL-9372)
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
Phone: 212.392.4772
dl@bronsonlipsky.com

*Attorneys for Plaintiffs and the Class Members*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CEDRIC OVERTON and DAIN R. BARTHOLOMEW, Individually and on Behalf of All Other Persons Similarly Situated,

            Plaintiffs,

    v.

MEGA TEMPERING & GLASS CORP., IOANNIS "JOHN" MARIOLIS and ABC CORPORATIONS #1-10, Jointly and Severally,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:13-cv-54 (VMS)

**ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS**

This matter came before the Court on the application of the parties for final approval of the settlement set forth in the April 10, 2014 Settlement and Release Agreement (the "Agreement") relating to the above-captioned class and collective action. The Court having held a final Settlement Fairness Hearing on January 28, 2015 at 3:00 p.m. and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is on this _____ day of _____, 2015

HEREBY ORDERED THAT:

       1.     For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions set forth in the Agreement, including, but not limited to, the following definitions:

    <u>Settlement Class Member</u>: All individuals whom Defendants have employed or are employing who hold or held the title of "glass production worker," "glass

factory worker," "cutter," "shaper," "temperer," "polisher," "seamer," "framer," or "tinter" at any time from January 4, 2007 to March 21, 2014. (Agreement ¶ 2).

Authorized Claimant: Any of the Settlement Class members who submit a timely and fully completed Claim Form by the Bar Date and who becomes entitled to receive a Final Settlement Payment under this Agreement. (Agreement ¶ 3).

Gross Settlement Sum: Means the gross Settlement Payment of $200,000.00, which is the maximum amount Defendants will pay pursuant to this Agreement, inclusive of Final Settlement Payments, Class Counsel's Fees, Class Counsel's Costs, and Service Payments. (Agreement ¶ 24).

Net Settlement Sum: Means the Gross Settlement Sum less the amounts awarded to Class Counsel, Settlement Expenses, and the Service Payments to Named Plaintiffs. (Agreement ¶ 25).

Bar Date: The date that is sixty (60) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the members of the Settlement Class. Members of the Settlement Class must timely file a fully completed Claim Form on or before sixty (60) calendar days after the date Settlement Notice and Claim Forms are post-marked in order to be considered an Authorized Claimant. (Agreement ¶ 6).

Released Parties: Defendants, all affiliated entities, and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendants or affiliated entities, or divisions, units, branches, and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Action. (Agreement ¶ 33).

Settled Claims: Any and all claims for relief, whether suspected or unsuspected, which the Named Plaintiffs or any Settlement Class Members have had, now have, or may have in the future against the Released Parties or any of them for any acts occurring between January 4, 2007 and March 21, 2014 in connection with being employed by Defendants, that are either or both: (1) alleged in the Action or (2) arise out of the facts, matters, transactions or occurrences referred to in the Action that could have been alleged as separate claims, causes of action, lawsuits or other theories of relief, whether under federal law, state law or common law (including all violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). "Settled Claims" also includes all types of relief available for the above referenced theories of relief, including, without limitations, any claims for unpaid wages, unpaid overtime, civil penalties for recordkeeping violations, damages, reimbursement, restitution, losses,

penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief. (Agreement ¶ 41).

Class Counsel: Douglas B. Lipsky, Esq., of the law firm Bronson Lipsky LLP and Jeffrey M. Gottlieb of Gottlieb & Associates.

Final Effective Date: The first date after all of the following events and conditions have been met or have occurred: (i) the Court enters an Order Authorizing Notice of the Proposed Settlement and Notice of Final Fairness Hearing; (ii) the Bar Date has passed; (iii) the Court enters a Final Approval Order; (iv) the deadline has passed without action for counsel for the Parties to terminate the Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material respects; and (vi) the Final Fairness Hearing has occurred. (Agreement ¶ 18).

Claims Administrator: The claims administration firm agreed upon by the parties, who will perform all of the administrative duties set forth in paragraphs 50, 53 through 55 of the Agreement. The Claims Administrator is designated by the parties to be Simpluris, Inc

2. This Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. This Agreement is the product of arm's-length settlement negotiations.

3. The Court certifies the Class (as defined above) under Fed. R. Civ. P. 23 for settlement purposes. For purposes of this settlement, the Court finds the Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

4. Class Counsel also meets the adequacy requirement of Fed. R. Civ. P. 23(a)(4).

5. As no Settlement Class Member properly and timely exercised their opt-out rights in this lawsuit, under the Agreement, all Settlement Class Members are conclusively

deemed to have released or discharged the Released Parties from, and are permanently enjoined and barred from asserting, either directly or indirectly, against the Released Parties, any and all Settled Claims with one exception: only Settlement Class Members who timely filed a proper Claim Form have waived their FLSA claims; Class Members who did not timely file a Claim Form have not waived their claims under the FLSA. All such matters are hereby finally concluded, terminated and extinguished.

6. The notice given to Class Members fully and accurately informed them of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members, complying fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

7. The Court grants Service Payments of $7,000.00 to Plaintiffs Cedric Overton and Dain R. Bartholomew, which is to be paid from the Gross Fund. The Service Payments are reasonable in light of the efforts Plaintiffs Overton and Bartholomew have expended in furthering the Class' interests, and the risks they incurred by becoming and continuing as a litigant.

8. The Court grants Class Counsel's Motion for Attorneys' Fees and Reimbursable Expenses and awards Class Counsel one-third of the Gross Fund, equaling $66,666.67, and awards $1,181.81 in reimbursable expenses. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, the risk that Class Counsel undertook in bringing the claims, and the work that Class Counsel will likely have to perform following the entry of this Order.

9. The Claims Administrator is directed to (i) provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Shares, (ii) retain copies of all of the endorsed settlement checks with releases, and (iii) provide Defendants' Counsel with the original or copies of the endorsed Settlement Checks in accordance with the Agreement and this Order.

10. By no later than 20 calendar days after the Effective Date:

   (i) Defendants shall deposit into the Qualified Payment Fund the full amount due of the Gross Settlement Sum (Agreement ¶ 55); and

   (ii) To the extent they have not already done so, Defendants are directed to remit to the Claims Administrator $7,500.00 for the settlement expenses. This amount is in addition to the $200,000 Gross Settlement Sum.

11. The Court approves up to $1,560.00 to be paid from the Gross Fund to Simpluris for the remaining balance of its administration fee.

12. To the extent the settlement expenses exceed $7,500.00, the Claims Administrator is authorized to withdraw from the Gross Settlement Sum the balance necessary to cover the expenses.

13. Within 30 calendar days after the Effective Date, the Claims Administrator is directed to:

   (i) Mail to Settlement Class Members checks with their respective Settlement Shares in accordance with the allocation plan formula and W-2/1099 allocation described in the Agreement;

   (ii) Mail the $7,000 Service Payments to Plaintiffs Overton and Bartholomew;

   (iii) Mail to Class Counsel one-third of the fund ($66,666.67) for attorneys' fees and $1,160.31 for reimbursable expenses; and

     (iv) Pay all applicable Employee Payroll taxes and Employer Payroll Tax obligations including, but not limited to, the employer share of FICA, FUTA and SUTA

(Agreement ¶ 55).

  14. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

  15. The Court hereby dismisses the above-captioned action in its entirety, with prejudice to Plaintiffs Overton and Bartholomew and the Authorized Claimants, and with no further award of attorneys' fees or costs or expenses, except as awarded herein.

SO ORDERED.

Dated: Brooklyn, New York
   January _____, 2015

              _____
              The Honorable Vera M. Scanlon, U.S.M.J.